**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 27 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER ANDREW BISTRYSKI, | No. 20-35349 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05369-RJB |
| v. | |
| SHERYL ALLBERT, ARNP; BRUCE C. GAGE, MD, Chief of Psychiatry of WA-DOC, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| DOC HEALTH SERVICES OF STAFFORD CREEK CORRECTIONS CENTER; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted May 18, 2021**

Before:     CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Washington state prisoner Christopher Andrew Bistryski appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs, as well as claims under Title II of the Americans with Disabilities Act ("ADA") and section 504 of the Rehabilitation Act of 1973 ("RA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Bistryski's deliberate indifference claim because Bistryski failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to Bistryski's mental issues. *See id.* at 1057-60 (deliberate indifference is a high legal standard requiring a defendant be aware of and disregard an excessive risk to an inmate's health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court properly granted summary judgment on Bistryski's disability discrimination claims because Bistryski failed to raise a genuine dispute of material fact as to whether defendants discriminated against him because of a disability. *See Simmons v. Navajo County*, 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability."), *overruled on other grounds by Castro v. County of Los*

*Angeles*, 833 F.3d 1060 (9th Cir. 2016); *Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999) ("There is no significant difference in analysis of the rights and obligations created by the ADA and the [RA]").

The district court did not abuse its discretion by denying Bistryski's request for appointment of an expert under Federal Rule of Evidence 706 because such an appointment was not necessary for the court to make its determination. *See Armstrong v. Brown*, 768 F.3d 975, 987 (9th Cir. 2014) ("A Rule 706 expert typically acts as an advisor to the court on complex scientific, medical, or technical matters."); *Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999) (setting forth standard of review).

The district court did not abuse its discretion by considering the magistrate judge's report and recommendation without giving Bistryski an opportunity to reply to defendants' response to his objections because the local rules did not allow for a reply. *See* W.D. Wash. Civ. R. 72(b)(2); *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (standard of review for district court's compliance with its local rules).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFRIMED.**